# Exhibit C



COMMONWEALLTH OF MASSACHUSETTS

MIDDLESEX, SS                                    MIDDLESEX SUPERIOR COURT
                                                DOCKET NO.

| | |
|---|---|
| ATHRUR J. DISCIPIO,      ) <br>      Plaintiff          ) <br>                  ) <br> V.                  ) <br>                  ) <br> ANACOMP, INC.,       ) <br> HOWARD DRATLER,     ) <br> JEFFRFEY CARTWRIGHT,  ) <br> MICHAEL E. TENNENBAUM, ) <br> ALAN B. HOWE,        ) <br> MICHAEL LEITNER, AND   ) <br> PHIL TSENG,         ) <br>      Defendants     ) | 10-3346 |

**VERIFIED COMPLAINT**

PARTIES

1.  Plaintiff is an individual residing in Belmont, Middlesex County, Massachusetts.

2.  Defendant Anacomp, Inc., is an Indiana corporation with an office in Newton, Middlesex County, Massachusetts (hereinafter "Anacomp"). During all times relevant hereto Anacomp employed Plaintiff at its offices in Massachusetts.

3.  Defendant Howard Dratler is a resident of California (hereinafter "Dratler"). During all times relevant hereto Dratler was the president and chief executive officer of Anacomp and in such capacity is deemed to be a Massachusetts employer subject to the provisions of MGL c. 149, §148.

4.  Defendant Jeffrey Cartwright is a resident of California (hereinafter "Cartwright"). During all times relevant hereto Cartwright was the treasurer and chief financial officer of Anacomp and in such capacity is deemed to be a Massachusetts employer subject to the provisions of MGL c. 149, §148.

5.  Defendant Michael Tennenbaum is a resident of California (hereinafter "Tennenbaum"). During all times relevant hereto Tennenbaum was the chairman of the board of directors of Anacomp and in such capacity is deemed to be a Massachusetts employer subject to the provisions of MGL c. 149, §148.

6.  Defendant Alan B. Howe is a resident of California (hereinafter "Howe"). During all times relevant hereto Howe was a member of the board of directors of Anacomp and in such capacity is deemed to be a Massachusetts employer subject to the provisions of MGL c. 149, §148.

7. Defendant Michael Leitner is a resident of California (hereinafter "Leitner"). During all times relevant hereto Leitner was a member of the board of directors of Anacomp and in such capacity is deemed to be a Massachusetts employer subject to the provisions of MGL c. 149, §148.

8. Defendant Phil Tseng is a resident of California (hereinafter "Tseng"). During all times relevant hereto Tseng was a member of the board of directors of Anacomp and in such capacity is deemed to be a Massachusetts employer subject to the provisions of MGL c. 149, §148.

9. This court has personal jurisdiction over Anacomp pursuant to MGL c. 156D and c. 223A..

10. This court has persoanl jurisdiction over Dratler, Wright, Tennenbaum, Howe, Leitner, and Tseng pursuant to MGL c. 223A.

VIOLATION OF MGL C. 149, §148

11. The allegations contained in paragraphs 1-10 hereof are restated and incorporated herein by reference.

12. Pursuant to a written Employment Agreement dated March 6, 2007 (hereinafter the "Employment Agreement"), Anacomp employed the Plaintiff as a Senior Vice President and General Manager of Global MVS Operations. Such employment was at Anacomp's facility in Newton, Massachusetts.

13. On or about December 18, 2009, Anacomp terminated Plaintiff's employment.

14. Plaintiff's termination of employment was in connection with a change in control of Anacomp, as that term is defined in the Employment Agreement.

15. Pursuant to the terms of the Employment Contract, at or about the time of his termination from employment Plaintiff was entitled to receive his then earned and/or accrued, but unpaid, base salary, incentive compensation, vacation pay, and severance pay.

16. The amounts due Plaintiff for incentive compensation were at the time of his termination from employment definitely determined and/or subject to calculation.

17. The amounts due Plaintiff for vacation pay were at the time of his termination from employment definitely determined and/or subject to calculation.

18. The amounts due Plaintiff for severance pay were at the time of his termination from employment definitely determined and/or subject to calculation.

19. The following amount is due and payable from each of the Defendants to Plaintiff - balance due from Management Compensation Plan for FY2008 - $43,575.00.

20. The following amount is due and payable from each of the Defendants to Plaintiff - balance due from Management Compensation Plan for FY2009 - $97,335.00.

21. The following amount is due and payable from each of the Defendants to Plaintiff – balance

due for Management Compensation Plan for Q1 FY2010 - $10,200.00.

22. The following amount is due and payable from each of the Defendants to Plaintiff – Earned Vacation (688 hours) - $69,461.00.

23. The following amount is due and payable from each of the Defendants to Plaintiff – Incentive Compensation for sale of Scandinavia - $60,000.00.

24. The following amount is due and payable from each of the Defendants to Plaintiff – Incentive Compensation for sale of Benelux - $60,000.00..

25. The following amount is due and payable from each of the Defendants to Plaintiff – Stretch Incentive Compensation for sale of Europe - $125,000.00.

26. The following amount is due and payable from each of the Defendants to Plaintiff - balance due from Incentive Compensation for sale of USA -  $200,000.00.

27. The following amount is due and payable from each of the Defendants to Plaintiff – Severance Pay - $636,413.66..

28. Each of the Defendants is in violation of MGL c. 149, §148 by failing to pay to Plaintiff the amounts set forth in the preceding paragraphs 19-27 .

29. Pursuant to MGL c. 149, §150, each of the Defendants owes Plaintiff, as liquidated damages, treble the amount of the unpaid wages and benefits set forth in the preceding paragraphs 19-27, to wit, $3,905,953.98.

30. Since the time Plaintiff's employment was terminated, Plaintiff has been warned by Anacomp that the assets of Anacomp were being sold and that if Plaintiff did not agree to accept less than what was owed to him as settlement in full, there was a likelihood that the proceeds from the sale would be disbursed, and that Anacomp would thereafter no longer have sufficient assets to pay Plaintiff what was due to him.

31. Since the time Plaintiff's employment was terminated, most of Anacomp's assets have been sold, and Anacomp has announced that, effective September 1, 2010, its remaining assets have been sold to DocuLynx Inc. for a price of $27,500,000.00. Plaintiff has been informed by Anacomp, and Plaintiff therefore believes, that unless Anacomp is restrained from doing so, the sale proceeds will be disbursed and Anacomp will thereafter be unable to pay to Plaintiff the amount of damages due to him hereunder.

32. The Office of the Massachusetts Attorney General has assented in writing, permitting the Plaintiff to commence this action at this time, pursuant to MGL c. 148, §150.

Wherefore, Plaintiff demands,

1. That this court restrain Defendant Anacomp, its officers, agents, servants, employees, and attorneys, from disbursing the proceeds of the sale of its assets to  DocuLynx Inc. without setting aside from the sale proceeds and holding in reserve the sum of $4,200,000.00, to be used to satisfy any award of  damages in this action.

2. That this court enjoin Defendant Anacomp, its officers, agents, servants, employees, and attorneys, from disbursing the proceeds of the sale of its assets to DocuLynx Inc. without setting aside from the sale proceeds and holding in reserve the sum of $4,200,000.00, to be used to satisfy any award of damages in this action.

3. That this court award judgment against each of the Defendants in favor of the Plaintiff in the amount of $3,905,953.98, plus interest, costs and attorney fees.

4. That this court award such other and further relief as may appear meet and proper in the circumstances.

Date: September 3, 2010

Plaintiff, Arthur J. DiScipio
by his attorney, Stanley m. Poster

Stanley M. Poster
95 Commercial Wharf
Boston, MA 02110
(671) 742-6767
BBO No. 404120

I, Arthur DiScipio, the named Plaintiff in this action, on oath hereby depose and say that I have read the within Complaint and the allegations contained therein are true, except those made upon information and belief, and as to those I believe them to be true.

Signed under the pains and penalties of perjury this 3rd day of September, 2010.

Arthur J. DiScipio