UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ARTHUR J. DISCIPIO,<br>　　　Plaintiff<br><br>v.<br><br>ANACORP, INC., HOWARD DRATLER,<br>JEFFREY CARTWRIGHT, MICHAEL E.<br>TENNENBAUM, ALAN B. HOWE,<br>MICHAEL LEITNER, AND PHIL TSENG,<br>　　　Defendants | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 10-11518-PBS<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED COMPLAINT

<u>PARTIES</u>

1. Plaintiff is an individual residing in Belmont, Middlesex County, Massachusetts.

2. Defendant Anacomp, Inc., is an Indiana corporation with an office in Newton, Middlesex County, Massachusetts (hereinafter "Anacomp"). During all times relevant hereto Anacomp employed Plaintiff at its offices in Massachusetts.

3. Defendant Howard Dratler is a resident of California (hereinafter "Dratler"). During all times relevant hereto Dratler was the president and chief executive officer of Anacomp and in such capacity is deemed to be a Massachusetts employer subject to the provisions of MGL c. 149, §148.

4. Defendant Jeffrey Cartwright is a resident of California (hereinafter "Cartwright"). During all times relevant hereto Cartwright was the treasurer and chief financial officer of Anacomp and in such capacity is deemed to be a Massachusetts employer subject to the provisions of MGL c. 149, §148.

5. Defendant Michael Tennenbaum is a resident of California (hereinafter "Tennenbaum"). During all times relevant hereto Tennenbaum was the chairman of the board of directors of Anacomp and in such capacity he participated in the decision not to pay the wages and benefits due to the Plaintiff,

and he is therefore deemed to be a Massachusetts employer subject to the provisions of MGL c. 149, §148.

6. Defendant Alan B. Howe is a resident of California (hereinafter "Howe"). During all times relevant hereto Howe was a member of the board of directors of Anacomp and in such capacity he participated in the decision not to pay the wages and benefits due to the Plaintiff, and he is therefore deemed to be a Massachusetts employer subject to the provisions of MGL c. 149, §148.

7. Defendant Michael Leitner is a resident of California (hereinafter "Leitner"). During all times relevant hereto Leitner was a member of the board of directors of Anacomp and in such capacity he participated in the decision not to pay the wages and benefits due to the Plaintiff, and he is therefore deemed to be a Massachusetts employer subject to the provisions of MGL c. 149, §148..

8. Defendant Phil Tseng is a resident of California (hereinafter "Tseng"). During all times relevant hereto Tseng was a member of the board of directors of Anacomp and in such capacity he participated in the decision not to pay the wages and benefits due to the Plaintiff, and he is therefore deemed to be a Massachusetts employer subject to the provisions of MGL c. 149, §148.

FACTS

9. Pursuant to a written Employment Agreement dated March 6, 2007 (hereinafter the "Employment Agreement"), Anacomp employed the Plaintiff as a Senior Vice President and General Manager of Global MVS Operations. Such employment was at Anacomp's facility in Newton, Massachusetts.

10. On or about December 18, 2010, Anacomp sold its Global MVS Operations Division, and terminated Plaintiff's employment in connection therewith.

11. Plaintiff's termination of employment was in connection with a change in control of Anacomp, as that term is defined in the Employment Agreement.

12. Pursuant to the terms of the Employment Contract, at or about the time of his termination from

employment, Plaintiff was entitled to receive his then earned and/or accrued, but unpaid, base salary, incentive compensation, vacation pay, and severance pay.

13. Pursuant to the terms of the Employment Agreement, Plaintiff was entitled to receive an incentive bonus for FY2008, calculated in accordance with the Management Compensation Plan for FY2008, a copy of which is attached hereto as Exhibit "A", and made a part hereof by reference.

14. The amount due Plaintiff under the Management Compensation Plan for FY2008 is $160,000.00, calculated as set forth in Exhibit "B" attached hereto, and made a part hereof by reference.

15. On or about July 31, 2009, Plaintiff was paid $58,275.00 on account of the $160,000.00 due to him in connection with the Management Compensation Plan for FY2008; and on or about September 11, 2009, Plaintiff was paid an additional $58,275.00 on account thereof, leaving a balance due to Plaintiff of $43,575.00, in connection with said plan. At the time the Complaint was filed in this action, said sum of $43,575.00 was unpaid and due from Anacomp to the Plaintiff.

16. Pursuant to the terms of the Employment Agreement, Plaintiff was entitled to receive an incentive bonus for FY2009, calculated in accordance with the Management Compensation Plan for FY2009, a copy of which is attached hereto as Exhibit "C", and made a part hereof by reference.

17. The amount due Plaintiff under the Management Compensation Plan for FY2009 is $252,998.00, calculated as set forth in Exhibit "D" attached hereto, and made a part hereof by reference.

18. In March, 2010, Plaintiff was paid $155,663.00 on account of the $252,998.00 due to him in connection with the Management Compensation Plan for FY2009, leaving a balance due to Plaintiff of $97,335.00, in connection with said plan. At the time the Complaint was filed in this action, said sum of $97,335.00 was unpaid and due from Anacomp to the Plaintiff.

19. Anacomp agreed with the Plaintiff to extend the bonus plan for FY2009 to the first quarter of FY2010.

20. The amount due Plaintiff under the Management Compensation Plan for FY2009 for the first quarter of FY2010 is $31,200.00, calculated as set forth in Exhibit "E", attached hereto and made a part hereof by reference.

21. At the time the Complaint was filed in this action, said sum of $31,200.00 was unpaid and due from Anacomp to the Plaintiff.

22. Section 8 of the Employment Agreement, provides: "Upon termination of employment for any reason, Employee will be entitled to receive Employee's then earned and/or accrued, but unpaid, Base Salary, incentive compensation and vacation, prorated to the date of termination."

23. At the time of the termination of Plaintiff's employment, Plaintiff had accrued 688 hours of vacation pay, for a total of $69,461.00, which amount has not been paid to Plaintiff, leaving a balance due to Plaintiff for vacation pay of $69,461.00

24. On or about 2007, Anacomp offered the Plaintiff a $60,000.00 bonus, which would be earned if Anacomp were able to sell its Scandinavia Division. On or about 2007, Anacomp sold its in Scandinavia Division and Plaintiff is entitled to a $60,000.00 bonus in connection therewith.

25. Anacomp has failed to pay to the Plaintiff the $60,000.00 bonus to which he is entitled in connection with the sale of the Scandinavia Division and Anacomp owes the Plaintiff $60,000.00 in connection therewith.

26. On or about 2007, Anacomp offered the Plaintiff a $60,000.00 bonus if Anacomp were able to sell its Benelux Division. On or about 2007, Anacomp sold its Benelux Division and Plaintiff is entitled to a $60,000.00 bonus in connection therewith.

27. Anacomp has failed to pay to the Plaintiff the $60,000.00 bonus to which he is entitled in connection with the sale of the Benelux division and Anacomp owes the Plaintiff $60,000.00 in connection therewith.

28. On or about September 12, 2007, Anacomp offered the Plaintiff a $125,000.00 bonus, which would be earned if Anacomp were able to sell its European MVS Division by March 30, 2008. On

March 30, 2008, Anacomp had sold its European MVS Division and Plaintiff is entitled to a $125,000.00 bonus in connection therewith.

29. Anacomp has failed to pay to the Plaintiff the $125,000.00 bonus to which he is entitled in connection with the sale of the European MVS Division and Anacomp owes the Plaintiff $125,000.00 in connection therewith.

30. On or about September 12, 2007, Anacomp offered the Plaintiff a $250,000.00 bonus, which would be earned if Anacomp were able to sell its U.S. MVS Division by March 30, 2008. On March 30, 2008, Anacomp had sold its U.S MVS Division and Plaintiff is entitled to a $250,000.00 bonus in connection therewith.

31. Anacomp has failed to pay to the Plaintiff $200,000.00 of the $250,000.00 bonus to which he is entitled in connection with the sale of the U,S, MVS Division and Anacomp owes the Plaintiff $200,000.00 in connection therewith.

32. Pursuant to Section 7. of the Employment Agreement, Anacomp is required to pay to the Plaintiff a severance pay upon the termination of his employment. The amount of the severance pay is to be calculated by adding to the Plaintiff's base pay the average of the bonuses payable to the Plaintiff over the three years prior to the date of termination.

33. Pursuant to the Employment Agreement, upon termination of the Plaintiff's employment, Anacomp owed to thee Plaintiff $636,413.00 in severance pay.

34. Anacomp has failed to pay to the Plaintiff the $636,413.00 in severance pay to which he is entitled, and Anacomp owes the Plaintiff $636,413.00 in connection therewith.

Count I (Viollation of Massachusetts Wage Act)

35. Paragraphs 1-34 are restated and incorporated herein by reference

36. Each of the Defendants is in violation of MGL c. 149, §148 by failing to pay to Plaintiff the amounts set forth herein for incentive compensation, vacation pay, and severance pay.

37. Pursuant to MGL c. 149, §150, each of the Defendants owes Plaintiff, as liquidated damages,

treble the amount of the unpaid incentive compensation, vacation, and severance pay, to wit, $3,905,953.98.

38. The Office of the Massachusetts Attorney General has assented in writing, permitting the Plaintiff to commence this action at this time, pursuant to MGL c. 148, §150.

Wherefore, Plaintiff demands,

1. That this court award judgment against each of the Defendants in favor of the Plaintiff in the amount of $3,905,953.98, plus interest, costs and attorney fees.

2. That this court award such other and further relief as may appear meet and proper in the circumstances.

Count II (Breach of Contract v. Anacomp, Inc.)

39. Paragraphs 1-34 are restated and incorporated herein by reference

40. On or about October 21, 2010, Anacomp paid $43,575.00, the balance due for the Management Compensation Plan for FY2008; and $97,335.00, the balance due for the management Compensation Plan for FY2009.

41. Anacomps failure to pay the amounts due to Plaintiff for incentive compensation, vacation pay and severance pay is a breach of its obligations under the Employment Agreement, and Amacomp owes the Plaintiff $1,182,074.66 in connection therewith.

Wherefore, Plaintiff demands,

1. That this court award judgment against Anacomp, Inc. in favor of the Plaintiff in the amount of $1,182,074.66, plus interest and costs.

2. That this court award such other and further relief as may appear meet and proper in the circumstances.

Date:  October 22, 2010

Plaintiff, Arthur J. DiScipio
by his attorney, Stanley m. Poster

Stanley M. Poster
95 Commercial Wharf
Boston, MA 02110
(671) 742-6767
BBO No. 404120

Certificate of Service

I, Stanley M. Poster, hereby certify that this document filed through the ECF System on October 22, 2010, will be sent by email to Thomas E. Shirley and Lisa Gaulin, Defendant's counsel, who are identified on the Notice of Electronic Filing as registered participants.

Stanley M. Poster