# United States District Court
# District of Massachusetts

ARTHUR J. DISCIPIO,
    Plaintiff,

    v.                              CIVIL ACTION NO. 10-11518-DLC

ANACORP, INC.[1],
HOWARD DRATLER,
JEFFREY CARTWRIGHT,
MICHAEL E. TENNENBAUM,
ALAN B. HOWE,
MICHAEL LEITNER,
PHIL TSENG,
    Defendants.

## *REPORT AND RECOMMENDATION ON DEFENDANT ANACOMP, INC.'S MOTION TO DISMISS AND/OR MOTION TO STAY PLAINTIFF'S AMENDED COMPLAINT (#21)*

COLLINGS, U.S.M.J.

### *I. Introduction*

On or about September 3, 2010, Arthur J. DiScipio ("DiScipio") filed a

---

[1]

    In the caption of the amended complaint, the defendant is denoted to be "Anacorp, Inc." while in the body of the amended complaint the defendant is named as "Anacomp, Inc.," which is the correct spelling.

single count verified complaint alleging violations of the Massachusetts Wage Act in the Middlesex County Superior Court in Massachusetts. (#1, Exh. C) Four days later on September 7, 2010, defendant Anacomp, Inc.[2] ("Anacomp") removed the action to the federal court pursuant to 28 U.S.C. § 1441. (#1)

On October 22, 2010, the plaintiff filed an amended complaint (#20) which included an additional count for breach of contract. On November 5, 2010, Anacomp filed a motion to dismiss and/or motion to stay the amended complaint (#21[3]) together with a memorandum in support with exhibits (#22), and an affidavit with attached exhibits (#23). Two weeks later on November 19, 2010, Discipio filed an opposition to the dispositive motion (#24), a supporting memorandum of law (#25), and an affidavit (#26). Leave was granted on January 3, 2011 for the defendant to file a reply brief in support of its motion to dismiss and/or motion to stay, which was then submitted the following day. (#31) With leave having been granted on January 24, 2011, the

---

[2]

There are a total of six defendants named in the complaint, the corporate defendant, Anacomp, and five individuals, each of whom is an officer or board member of Anacomp, to wit: Howard Dratler, president and chief executive officer of Anacomp; Jeffrey Cartwright, treasurer and chief financial officer of Anacomp; Michael E. Tennenbaum, chairman of the board of directors of Anacomp; Alan B. Howe, member of the board of directors of Anacomp; Michael Leitner, member of the board of directors of Anacomp; and Phil Tseng, member of the board of directors of Anacomp. (#1, Exh. C §§ 3-8)

[3]

On September 24, 2010, Anacomp had filed a motion to dismiss (#14) the original complaint, which Discipio opposed on October 8, 2010. (#16) This initial motion to dismiss was mooted when the motion to dismiss the amended complaint was filed. See Electronic Order dated 02/24/2011.

plaintiff filed a sur-reply on January 25, 2011. (#34)

A hearing was held on the motion to dismiss or to stay on February 24, 2011, and the matter was then taken under advisement. With the record now complete, the dispositive motion stands ready for decision.

## II. Factual Background

The facts of the case are as follows[4]: Anacomp employed DiScipio, a resident of Massachusetts, as a Senior Vice President and General Manager of Global MVS Operations in Newton, Massachusetts pursuant to a written employment agreement ("the employment agreement") dated March 6, 2007. (#20 ¶ 9)  On or about December 18, 2010, Anacomp sold its Global MVS Operations Division, and subsequently terminated plaintiff's employment in connection with the change in control of Anacomp. (#20 ¶¶ 10-11)  Following his termination, the plaintiff contends that Anacomp violated the Massachusetts Wage Act, Mass. Gen. L. c. 149 § 148, *et seq.*, and breached the employment agreement by failing to pay $1,182,074.66 in previously earned and/or accrued base salary, incentive compensation, vacation pay, and severance pay. (#20 ¶¶ 13-34)    In addition, under Mass. Gen. L. c. 149, DiScipio is seeking

---

[4]

Unless otherwise noted, the facts are gleaned from the amended complaint.

3

$3,905,953.98 in treble damages for unpaid incentive compensation, vacation, and severance pay. (#20 ¶ 37)  Pursuant to Mass. Gen. L. c. 148 § 150, the Office of the Massachusetts Attorney General has given written consent to DiScipio to proceed with this lawsuit. (#20 ¶ 38)

The employment agreement contains numerous provisions that are relevant to the discussion, including an arbitration clause which provides, in relevant part, as follows:

> 15.  <u>Agreement to Arbitrate</u>.  Employee and the Company agree to arbitrate any controversy, claim or dispute between them arising out of or in any way related to this Agreement, their employment relationship, and any disputes upon termination of employment...to the fullest extent permitted by law.  This method of resolving disputes shall be the sole and exclusive remedy of the parties.  Accordingly, the parties understand that, except as provided below or as otherwise required by law, they are giving up their rights to have their disputes decided in a court of law and, if applicable, by a jury, and instead agree that their disputes shall be decided by arbitration.

Defendant's Memorandum #22, Exh. A, Exh. A ¶ 15.[5]

---

[5]

To the extent that the defendant's motion is viewed as one for dismissal under Fed. R. Civ. P. 12, the Court may consider the employment agreement even though it was not appended to the amended complaint.  As the First Circuit has explained: "In assessing the motions under Fed. R. Civ. P. 12(b)(6), we may also review
documents outside of the pleadings where they are undisputed, central to plaintiffs' claims, and sufficiently

The scope of the agreement to arbitrate covers "all potential claims between Employer and the Company relating to employment, such as breach of contract,...compensation or benefits claims,...and claims for violation of any local, state or federal law or common law to the fullest extent permitted by law." (#22, Exh. A, Affidavit of Howard Dratler, Exh. A ¶ 15(a))  With regard to the procedure for the arbitration, the employment agreement states:

> The arbitration will be conducted before a single neutral arbitrator in San Diego, California.  The arbitrator shall be selected by the mutual agreement of the parties.  If the parties cannot agree on an arbitrator, the parties shall alternately strike names from a list provided by the American Arbitration Association until only one name remains.  The parties are entitled to representation by an attorney or other representative of their choosing.  The arbitrator shall have the power to enter any award that could be entered by a judge of the Superior Court of the State of California, and only such power.  The arbitrator's decision shall be final and binding.

Defendant's Memorandum #22, Exh. A, Exh. A ¶ 15(c).

According to the terms of the employment agreement, the company is to pay the costs of the arbitration proceeding while each of the parties is to pay the

---

referred to in the complaint or incorporated into the movant's pleadings." *In re Citigroup, Inc.,* 535 F.3d 45,
Footnote 5 (continued)
52 (1 Cir., 2008)(citing *Curran v. Cousins,* 509 F.3d 36, 44 (1 Cir., 2007)).  Such is the case here.

costs of preparing their own case as well as their own attorneys' fees. (#22, Exh. A, Exh. A ¶ 15(d))   The employment agreement also provides "that the arbitrator may, in his or her discretion, award reasonable attorneys' fees and costs to the prevailing party." (#22, Exh. A, Exh. A ¶ 15(d)[6])

Lastly for present purposes, the terms of the employment agreement state that "[t]his Agreement will be governed by and construed in accordance with the laws of the State of California."  (#22, Exh. A, Exh. A ¶ 16(g))

### III.  Discussion

Although the defendant has styled its motion as one to dismiss, in effect what Anacomp seeks is an order to compel arbitration. *See, e.g., IOM Corp. v. Brown Forman Corp.*, 627 F.3d 440, 449 n. 10 (1 Cir., 2010); *see also Sourcing Unlimited, Inc. v. Asimco Intern., Inc.*, 526 F.3d 38, 46 (1 Cir., 2008).  The First Circuit has explained that:

> When deciding a motion to compel arbitration, a court must determine whether '(i) there exists a written agreement to arbitrate, (ii) the dispute falls within the scope of that arbitration agreement, and (iii) the party seeking an arbitral forum has not waived its right to arbitration.' *Bangor Hydro-Electric Co. v. New England*

---

[6]

It should be noted that an entirely separate clause of the employment agreement provides that "[i]n the event of litigation between the parties over the terms of this Agreement and the performance of their respective obligations hereunder, the prevailing party shall be entitled to receive its reasonable attorney's fees and expenses from the other party." (#22, Exh. A, Exh. A ¶ 16(m))

> *Tel. & Tel. Co.,* 62 F. Supp.2d 152, 155 (D. Me. 1999).
> Only if all three prongs of the test are satisfied will a
> motion to compel arbitration be granted.

*Combined Energies v. CCI, Inc.*, 514 F.3d 168, 171 (1 Cir., 2008); *Soto v. State Industrial Products, Inc.,* - F.3d -, 2011 WL 1447757, \*3 (1 Cir., April 15, 2011); *Dialysis Access Center, LLC v. RMS Lifeline, Inc.*, - F.3d -, 2011 WL 1139144, \*4 (1 Cir., Mar. 30, 2011).

"Whether or not a dispute is arbitrable is typically a question for judicial determination." *Dialysis Access,* 2011 WL 1139144, at \*4 (citation omitted); *IOM Corp.*, 627 F.3d at 450.

In the instant case, there is no contest with respect to points one and three of the test: there is a written arbitration provision in the employment agreement and Anacomp has not waived its right to arbitrate. Turning to the second factor, the breach of contract claims set forth in Count II of the amended complaint unquestionably fall within the scope of the arbitration provision and the plaintiff does not argue otherwise. However, DiScipio does challenge the enforceability of the arbitration clause vis-a-vis his Wage Act claims alleged in Count I of the amended complaint. Thus, the primary issue at hand is whether the mandatory arbitration provision in the employment agreement should be enforced with respect to DiScipio's statutory claims under the Massachusetts

Wage Act.[7]

## A. The Massachusetts Wage Act Claim

The parties agree that the question of whether the mandatory arbitration clause in the employment agreement is enforceable is governed by the Federal Arbitration Act ("FAA"). (#22 at 4; #25 at 1)  The FAA provides that "[a] written provision in...a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract...shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under the FAA:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Title 9 U.S.C. §3.

---

[7] There is also an additional issue to be addressed, to wit, whether the claim for severance pay under the Massachusetts Wage Act should be sent to arbitration or dismissed.

The statute also allows for "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" to seek an order from the Court to compel the arbitration to go forward. 9 U.S.C. § 4. These various statutory provisions are said to "manifest a 'liberal federal policy favoring arbitration agreements.'" *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991)(*quoting Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24 (1983)(footnote omitted)).

There is no doubt "that statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA." *Gilmer*, 500 U.S. at 26. Indeed, the Supreme Court requires the enforcement of arbitration agreements that do not undermine the relevant statutory scheme. *Gilmer*, 500 U.S. at 26. As has been repeatedly explained, "'[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits their resolution in an arbitral, rather than a judicial, forum.'" *Gilmer*, 500 U.S. at 26 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)). Moreover, "'so long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum, the statute will continue to serve both its remedial and deterrent

function." *Gilmer*, 500 U.S. at 28 (quoting *Mitsubishi,* 473 U.S. at 637).

In opposing the defendant's motion, DiScipio argues that his statutory rights under the Massachusetts Wage Act will be abridged if the arbitration provision is enforced. The plaintiff's contention

> reflect[s] the presumption that arbitration provides a fair and adequate mechanism for enforcing statutory rights. Unless the arbitral forum provided by a given agreement provides for the fair and adequate enforcement of a party's statutory rights, the arbitral forum runs afoul of this presumption and loses its claim as a valid alternative to traditional litigation.

*Kristian v. Comcast Corp*., 446 F.3d 25, 37 (1 Cir., 2006)(internal citations and quotation marks omitted).

DiScipio asserts that his statutory rights cannot be vindicated because the arbitration clause in the employment contract does not require any discovery; it does not require a written award; and it permits the arbitrator, in his or her discretion, to award attorneys' fees and the costs of the arbitration to the prevailing party.[8] (#25 at 2-3; #34 at 2) Each of the plaintiff's challenges shall be addressed.[9]

---

[8]

In his memoranda the plaintiff relies extensively on the case of *Cole v. Burns International Security Services*, 105 F.3d 1465 (D.C. Cir., 1997). However, there is case law from the Supreme Court and the First Circuit that is relevant to the issues raised, and those are the cases upon which the Court shall rely.

[9]

Guided by the reasoning of the Supreme Court in the *Gilmer* decision, the Massachusetts Appeals Court has "conclude[d] that claims under the Wage Act are arbitrable" because the language of the statute

DiScipio contends that in an arbitration he will not be permitted to conduct the full panoply of discovery allowed in the federal court: "[w]hat discovery, if any, that will be allowed is solely at the discretion of the arbitrator." (#25 at 2)  Moreover, the plaintiff complains that no written award is mandated.  As a consequence of these shortfalls, in the plaintiff's view, the arbitration provision cannot be enforced.

These arguments can be dispatched in short order.  The First Circuit has written that:

> the Supreme Court has already foreclosed limited discovery as a ground for opposing the enforcement of an arbitration clause. In *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991), the Supreme Court confronted this very argument in the context of an age discrimination arbitration dispute. The Court stated that '[i]t is unlikely, however, that age discrimination claims require more extensive discovery than other claims that we have found to be arbitrable, such as RICO and *antitrust* claims,' and rejected the plaintiff's discovery argument. *Id.* at 31, 111 S. Ct. 1647 (emphasis added). Given this precedent, there is no need to decide anew

---

does not bar arbitration. *Dixon v. Perry & Slesnick, P.C.*, 75 Mass. App. Ct. 271, 273, 914 N.E.2d 97, 99 (2009).  The Appeals Court also recognized, however, that "whether a particular claim can be arbitrated is subject to a case-by-case analysis." *Dixon*, 75 Mass. App. Ct. at 275, 914 N.E.2d at 100-101.  The plaintiff in the *Dixon* case brought the Wage Act claim solely on her own behalf (as opposed to on behalf of others similarly situated) and sought only monetary damages. *Dixon*, 75 Mass. App. Ct. at 276, 914 N.E.2d at 101-102.  As a result, the Appeals Court determined that the Wage Act claim, as brought, was arbitrable. *Dixon*, 75 Mass. App. Ct. at 276, 914 N.E.2d at 101-102.  In the instant case, DiScipio, too, has filed the Wage Act claim only on his own behalf and seeks only money damages.

whether limited discovery raises a question of arbitrability. It does not.... Any dispute over discovery would be procedural in nature, and therefore left for an arbitrator to resolve.

*Kristian*, 446 F.3d at 42-43.

In this case the applicable rules of arbitration provide for at least limited discovery and a written decision.

As noted earlier, the employment agreement contains a choice-of-law provision mandating that the contract was to "be governed by and construed in accordance with the laws of the State of California." (#22, Exh. A, Exh. A ¶ 16(g))  The rules of the California Arbitration Act[10] ("CAA") provide for the production of witness (including expert witnesses) and document lists, the issuance of subpoenas, the taking of depositions and the publishing of a written award signed by the arbitrators. (#23, Affidavit of Lisa M. Gaulin,  Exh. A; *see also* Cal. Civ. Proc. Code Ann. §§ 1282.2, 1282.6, 1283.05, 1283.4).  Similarly, the American Arbitration Association ("AAA") rules reserve authority to the arbitrator "to order such discovery, by way of deposition, interrogatory,

---

[10]

The Supreme Court has upheld a decision by the California Court of Appeal construing a comparable choice-of-law clause in a contract to mean that the parties intended to incorporate the CAA rules into the arbitration provision in that contract. *See Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S. 468, 470-472 (1989).

document production, or otherwise, as the arbitrator considers necessary to a full and fair exploration of the issue in dispute." (#23, Exh. B)  The AAA rules provide that the arbitration "award shall be in writing and shall be signed by a majority of the arbitrators and shall provide the written reasons for the award unless the parties agree otherwise." (#23, Exh. B)

In short, the arbitration rules make provision for at least limited discovery and require that the award be in writing.  Therefore, the plaintiff's initial two grounds for resisting arbitration on Count I of the amended complaint must fail. *See Gilmer*, 500 U.S. at 31-32.

DiScipio next argues that the arbitration clause in the employment agreement permits the arbitrator, in his or her discretion, to award attorneys' fees and the costs of the arbitration to the prevailing party.  This contention is, in part, factually incorrect.  The arbitration provision plainly states that "[t]he Company shall pay the costs of the arbitration proceeding, such as the cost of the arbitrator." (#22, Exh. A, Exh. A ¶ 15(d))  It is true that the remainder of that provision states: "Each party will bear its own attorneys' fees and costs incurred in the preparation and presentation of its case, except that the arbitrator may, in his or her discretion, award reasonable attorneys' fees and

costs to the prevailing party." (#22, Exh. A, Exh. A ¶ 15(d))  DiScipio argues

that this language could reasonably be construed by an arbitrator to include the

"costs" of the arbitrator, and that this factor alone is sufficient justification to

refuse to compel arbitration of the Wage Act claims. (#34 at 3-4)

The First Circuit has held:

> Whether a contract is ambiguous is a question of law. *Torres Vargas v. Santiago Cummings,* 149 F.3d 29, 33 (1st Cir.1998); *Allen v. Adage, Inc.,* 967 F.2d 695, 698 (1st Cir.1992). 'But a contract is not ambiguous merely because a party to it, often with a rearward glance colored by self-interest, disputes an interpretation that is logically compelled.' *Blackie v. Maine,* 75 F.3d 716, 721 (1st Cir.1996). Rather, a contract 'is ambiguous only if the language is susceptible to more than one meaning and reasonable persons could differ as to which meaning was intended.' *Uncle Henry's Inc. v. Plaut Consulting Co.,* 399 F.3d 33, 47 (1st Cir.2005).

*Muskat v. U.S.*, 554 F.3d 183, 190 (1 Cir., 2009).

Relevant here are fundamental principles of contract interpretation "including

that contracts are to be 'read as wholes,' 'given effect as rational business

documents,' and 'should not be read to render various sections contradictory or

mere surplusage.'" *Uncle Henry's Inc. v. Plaut Consulting Co.*, 399 F.3d 33, 47

n.17(1 Cir., 2005)(citations omitted).

The arbitration clause clearly and unequivocally states, in a separate sentence, that the costs of the arbitration proceeding, including the costs of the arbitrator, are to be borne by the Company, i.e., the defendant Anacomp. The "costs" which may be awarded to a prevailing party are the "costs incurred in the preparation and presentation of its case" referenced together in the second sentence of the clause. To read the "costs" in the second sentence to be the same as the "costs" in the first sentence makes the paragraph as a whole contradictory and irrational. There is no need for such a tortured reading when a straightforward reading is reasonable and makes sense.

According to DiScipio, the defendant would not be able to collect attorneys' fees in this court under the Wage Act claim, so to allow Anacomp potentially to recover attorneys' fees in an arbitration would violate the plaintiff's substantive rights. Any merit this argument may have is undercut by the fact that the employment agreement "provides that '[i]n the event of litigation between the parties over the terms of this Agreement and the performance of their respective obligations hereunder, the prevailing party shall be entitled to receive its reasonable attorney's fees and expenses from the other party.'" (#22, Exh. A, Exh. A ¶ 16(m))  In other words, either the Court or the

arbitrator is authorized under the terms of the employment agreement to award reasonable attorneys' fees to the prevailing party in any litigation.

The plaintiff agreed to the terms of the employment agreement and has advanced no argument that this separate provision is somehow unenforceable. Having agreed in the employment agreement that a prevailing party is entitled to an award of attorneys' fees "[i]n the event of litigation," DiScipio now cannot be heard to claim that his statutory rights under the Wage Act will be violated if an arbitrator awards such fees to Anacomp. Enforcement of the arbitration provision will not undermine the statutory scheme when attorneys' fees may be awarded to a prevailing party under the terms of the employment agreement.

In his additional reply brief (#34), DiScipio makes a new argument that should be addressed.[11] The plaintiff contends that under Massachusetts law he would be entitled to 12% per annum prejudgment interest on his Wage Act claims whereas the prejudgment interest rate in California is discretionary and runs at a lesser 10% per annum. This difference in prejudgment interest rates is viewed by DiScipio as a reason to refuse to require arbitration.

---

[11] To the extent that the plaintiff is suggesting that he has no appeal rights if the case goes to arbitration (#34 at 4-5), that suggestion is incorrect. The FAA provides for judicial review allowing the courts to vacate arbitration awards in certain circumstances, i.e., any decision in which there "was evident partiality or corruption in the arbitrators." *See* 9 U.S.C. § 10(a).

The employment agreement contains a choice-of-law provision which reads "[t]his Agreement will be governed by and construed in accordance with the laws of the State of California." (#22, Exh. A, Exh. A ¶ 16(g)) While California law governs the employment agreement, it does not govern the substantive law under which the plaintiff may bring his claims. Discipio is a Massachusetts resident who was employed by Anacomp in Massachusetts. (#20 ¶¶ 1, 9) Count I of the amended complaint is brought pursuant to a Massachusetts statute; Massachusetts substantive law governs the Wage Act claims. "The rate of interest on an award is commonly treated as a matter of substantive law." *Conetta v. National Hair Care Centers, Inc.*, 236 F.3d 67, 77 (1 Cir., 2001). Thus, the 12% prejudgment interest rate would apply as a matter of substantive Massachusetts law. Consequently, any difference in prejudgment interest rates under California and Massachusetts law is not a reason refuse to require arbitration.

## B. *Severance Pay Under the Wage Act*

Anacomp has moved to dismiss outright the severance pay claim under the Wage Act, presumably under Fed. R. Civ. C. 12(b)(6) for failure to state a claim. Relying on the case of *Prozinski v. Northeast Real Estate Services, LLC*, 59 Mass. App. Ct. 599, 797 N.E.2d 415 (2003), the defendant argues that "[i]t is well established under Massachusetts law that the Wage Act does not encompass severance pay." (#22 at 16) The Massachusetts Appeals Court wrote in *Prozinski*:

> Although the statute [Wage Act] expressly refers to holiday pay, vacation pay, and definitely determined commissions, it does not refer to 'severance pay' or similar terms. Prozinski argues that severance pay falls within the statute because his severance pay was 'definitely determined' and therefore had 'become due and payable.' A plain reading of the statute reveals that the quoted statutory terms refer solely to commissions.

*Prozinski*, 59 Mass. App. Ct. at 603, 797 N.E.2d at 419; *see also Doucot v. IDS Scheer, Inc.*, 734 F. Supp.2d 172, 192 (D. Mass., 2010)("The Massachusetts Appeals Court has maintained a narrow scope of the MA Wage Act.").

DiScipio counters by arguing that since the *Prozinski* decision, courts have retreated from such a narrow view of the Wage Act and have broadened the types of claims covered by the statute. (#25 at 5-6) The plaintiff relies on the

decision in *Okerman v. VA Software Corp.*, 69 Mass. App. Ct. 771, 871 N.E.2d 1117 (2007), in support of his argument.

In *Okerman*, the Appeals Court was addressing commissions, an item specifically covered in the Wage Act. *See* Mass. Gen. L. c. 149 § 148 ("This section shall apply, so far as apt, to the payment of commissions when the amount of such commissions, less allowable or authorized deductions, has been definitely determined and has become due and payable to such employee, and commissions so determined and due such employees shall be subject to the provisions of section one hundred and fifty.") While DiScipio interprets *Okerman* as having expanded the coverage of the Wage Act, what the Appeals Court did was reject "other restrictions...improperly engrafted onto the statute" by the Superior Court. *Okerman*, 69 Mass. App. Ct. at 776, 871 N.E.2d at 1122. The *Okerman* decision does not change the outcome of the *Prozinski* decision. Indeed, the *Okerman* court cites *Prozinski* with approval for the proposition that the "court would not read into wage act protection against retention of severance pay where plain language of wage act did not include it." *Okerman*, 69 Mass. App. Ct. at 779, 871 N.E.2d at 1124.

That having been said, on January 28, 2011, a Massachusetts Superior Court judge refused to dismiss a claim for severance pay under the Wage Act,

writing:

> [Plaintiff] has alleged a failure to pay his severance. [Defendant] maintains that severance payments are not included under the Act, relying on *Prozinski v. Northeast Real Estate Services, LLC,* 59 Mass. App. Ct. 599, 605 (2003). *Prozinski* refused to follow *Jancey v. School Commission of Everett,* 421 Mass. 482, 490-93 (1995) which applied an expanded definition to the term "wages" under a different statute. *Prozinski* instead relied on *Commonwealth v. Savage,* 31 Mass. App. Ct. 714, 716 (1991), stating, "We have construed the wage act narrowly." *Prozinski,* 59 Mass. App. Ct. at 603. The Supreme Judicial Court later overruled *Savage* and authorized a more expansive interpretation of the Wage Act. *Wiedmann v. Bradford Group, Inc.,* 444 Mass. 698, 703-04 (2005).

> Following *Wiedmann,* a more expansive definition of "wages" is appropriate and it should not be limited to exclude severance pay. Therefore [Defendant's] motion to dismiss Count IV relying on *Prozinski* must be denied.

*Juergens v. Microgroup, Inc.,* 2011 WL 1020856, *2 (Mass. Super., Jan. 28, 2011).

On February 23, 2011, Microgroup filed a petition pursuant to Mass. Gen. L. c. 231, § 118 in the Massachusetts Appeals Court. *See Juergens v. Microgroup,* 2011-J-0077. The petition seeking review of the Superior Court's denial of the motion to dismiss the severance pay claim was denied on April 4, 2011 (#5)

and again on reconsideration on April 11, 2011.[12]

Given the current state of the law in Massachusetts that severance pay is not recoverable under the Wage Act, the best course would be to dismiss that claim. The Court considered sending the severance pay claim under the Wage Act to arbitration, since the severance pay issue would be before the arbitrator as part of the breach of contract claim. However, that course would put the defendant in the unfair position of having to arbitrate a claim that, under current Massachusetts law, is not viable.

## V. Recommendation

For the reasons stated, I RECOMMEND that Defendant Anacomp Inc.'s Motion To Dismiss And/Or Motion To Stay Plaintiff's Amended Complaint (#21) be ALLOWED to the extent that the severance pay claim under the Massachusetts Wage Act be DISMISSED. I FURTHER RECOMMEND that Defendant Anacomp Inc.'s Motion To Dismiss And/Or Motion To Stay Plaintiff's Amended Complaint (#21) be ALLOWED to the extent a stay is requested as to

---

[12]

Frankly, having read the *Weidman* opinion, I doubt that it can be said to stand for the broad proposition for which Justice Curran cites it. While *Weidman* did overrule the *Savage* case in one limited respect, it did so in dealing with the issue of "commissions" which are specifically mentioned in the statute and did "authorize a more expansive interpretation of the Wage Act" but just as to commissions. Severance pay is not mentioned in the statute, nor was it the subject of the opinion in *Weidman*. *See Okerman,* 69 Mass. App. Ct. at 778-779, 871 N.E. 2d at 1123-1124.

all other claims in the amended complaint and that all the other claims in the amended complaint be referred to arbitration pursuant to the arbitration clause in the employment agreement.

## VI. Review by the District Judge

The parties are hereby advised that any party who objects to these recommendations must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603

(1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ *Robert B. Collings*

ROBERT B. COLLINGS
United States Magistrate Judge

May 5, 2011.