UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
**Arthur J. Discipio,**                     )
                                            )
    **Plaintiff,**                       )
                                            )
    v.                                   )   **Civil Action No. 10-11518**
                                            )
**Anacomp, Inc., et al.,**                  )
                                            )
    **Defendants.**                      )
_____)


**MEMORANDUM & ORDER**

**CASPER, J.**                                                              July 11, 2011

    **I.**    **Introduction**

Plaintiff Arthur J. Discipio ("Discipio"), a former employee of Defendant Anacomp, Inc. ("Anacomp"), has sued Anacomp and several co-defendants, all officers or board members of Anacomp, for damages arising out of the termination of his employment. In his amended complaint, filed on October 22, 2010, Discipio alleges violation of the Massachusetts Wage Act and breach of contract and seeks previously earned and/or accrued base salary, incentive compensation, vacation pay and severance pay and treble damages pursuant to Mass. Gen. L. c. 149, § 150. On December 18, 2010, Anacomp moved to dismiss and/or stay the amended complaint. This motion amounted to a motion to compel arbitration of Discipio's claims given the provision of Anacomp's employment agreement, dated March 6, 2007 ("employment agreement"), with Discipio that included an agreement to arbitrate. The motion to dismiss was fully briefed by the parties and a hearing on the motion was held on February 24, 2011. The magistrate judge (Collings, M.J.) issued

his report and recommendation on May 5, 2011 recommending that Discipio's claim for severance pay under the Massachusetts Wage Act ("Wage Act") be dismissed and that the remainder of Plaintiff's claims be referred to arbitration. Discipio has now filed objections to the report and recommendation and Anacomp has responded to Discipio's objections.

**II.     Discussion**

The Court, pursuant to 28 U.S.C. § 636(b)(1), has made a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which Discipio has objected and now addresses those objections. Discipio presses three objections to the report and recommendation. First, he argues that his statutory rights under the Wage Act cannot be properly vindicated in arbitration. Second, Discipio objects to the magistrate judge's finding that the parties agreed under their employment agreement that attorney's fees may be awarded to the prevailing party in any litigation, including any litigation under the Wage Act. Third, he objects to the ruling that, as a matter of Massachusetts law, severance pay is not covered by the Wage Act. The Court shall address each of these objections in turn although the Court notes that Discipio's objections reiterate arguments addressed and considered by Magistrate Judge Collings (Compare Pl. Objections at 1-2 with  Report and Recommendation ["R& R"] at 11-12, 15-16 and 18-21).

First, Discipio's statutory rights under the Wage Act can be vindicated in arbitration. Discipio objects that his Wage Act claim should not be subject to arbitration because the magistrate judge incorrectly found that the applicable rules of arbitration provide "for at least limited discovery and a written decision." (Pl. Objections at 1; Report and Recommendation ["R& R"] at 12). However, even if Discipio were correct that this factual finding was incorrect, his Wage Act may still be subject to arbitration since the absence of such provisions are "insufficient to preclude

2

arbitration of statutory claims." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 30-31 (1991); see Kristian v. Comcast Corp., 446 F.3d 25, 42-43 (1st Cir. 2006) (noting that given the Gilmer precedent, "there is no need to decide anew whether limited discovery raises a question of arbitrability"); Dixon v. Perry & Slesnick, P.C., 75 Mass. App. Ct. 271, 273 (2009) ("conclud[ing] that claims under the Wage Act are arbitrable").  Moreover, to the extent that Discipio is arguing that any arbitration of his Wage Act claim must allow for at least limited discovery and result in a written decision, the employment agreement includes a California choice-of-law provision that incorporates the California Arbitration Act ("CAA") that does provide for discovery and a written arbitral award.  See Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior Univ., 489 U.S. 468, 476 (1989) (ruling that a California choice-of-law provision incorporated the procedural rules of the CAA).

Second, the finding that the parties had agreed that attorney's fees would be awarded to prevailing party "[in] the event of litigation" (Pl. Objection at 1; R&R at 15) was not incorrect.  In reaching its finding, the Court relied upon Section 16(m) of the employment agreement: "[i]n the event of litigation between the parties over the terms of this Agreement and the performance of their respective obligations hereunder, the prevailing party shall be entitled to receive its reasonable attorney's fees and expenses from the other party."  The core of Discipio's objection is that the parties agreed under this provision to the award of attorney's fees in litigation "on the contract, not in connection with litigation under a statute."  (Pl. Objections at 2).  Anacomp characterizes this objection as a "red herring" in the context of issue before the Court–i.e., whether Discipio's Wage Act claim is arbitrable (D. Response to Pl. Objections at 4)– and the Court agrees since this objection does not militate against the recommendation that the Wage Act claim be subject to

arbitration. The provision under Section 16(m) provides for the award of attorney's fees whether the parties' dispute is litigated in court or in arbitration. Accordingly, Discipio would not be potentially subject to a burden that he might not otherwise bear if his statutory claim was litigated in a judicial forum. See Gilmore, 500 U.S. at 28; Soto-Fonalledas v. Ritz-Carlton San Juan Hotel Spa & Casino, 640 F.3d 471, 476 (1st Cir. 2011).

Third, severance pay is not covered by the Wage Act according to prevailing state law. As Discipio recognizes and as the magistrate judge discussed in the Report and Recommendation, the Massachusetts Appeals Court, in Prozinski v. Northeast Real Estate Servs., LLC, 59 Mass. App. Ct. 599, 603-604 (2003), ruled that the Wage Act does not include severance pay. Although Discipio does not dispute the holding in Prozinski, he relies upon a more recent Superior Court decision, Juergens v. Microgroup, Inc., 2011 WL 1020856, *1 (Mass. Super. January 28, 2011) in which the court refused to dismiss a claim for severance pay under the Wage Act. He argues that "the Magistrate [Judge] was wrong in ruling that the current state of the law in Massachusetts is that severance pay is not covered by the Wage Act," relying on the fact that the Appeals Court "upheld" the decision in Juergens. (Pl. Objections at 2). Discipio, however, overstates the appellate court's treatment of Juergens. The Appeals Court declined to review Juergens on the defendant's petition to a single justice of that court (and again upon reconsideration); it did not reach the merits of Juergens. (R&R at 20-21).[1] Since Prozinski is still good law and the prevailing state law, the

---

[1] The docket entry for Juergens makes clear that the single justice of the Appeals Court (Fecteau, J.) did not reach the merits of the Wage Act claim. Juergens v. Microgroup, Inc., Docket No. 2011-J-0077 at #5 (April 4, 2011) (ruling that "[t]o the extent that the defendant's petition requests the single justice to vacate the judge's denial of the motion to dismiss and direct the entry of an order dismissing Count IV [Wage Act claim], the petition must be denied because the single justice is without authority to grant the relief requested, which would be outcome determinative" and denying the portion of the petition that sought leave to take an interlocutory

magistrate judge's conclusion in this regard was also proper.

### III. Conclusion

For the foregoing reasons, Discipio's objections to the report and recommendation of Magistrate Judge Collings are overruled and the report and recommendation is accepted by the Court. Accordingly, Anacomp's motion to dismiss and/or motion to stay the amended complaint (#21) is ALLOWED to the extent that the plaintiff's severance pay claim under the Massachusetts Wage Act be DISMISSED; and Anacomp's motion to dismiss and/or motion to stay the amended complaint is ALLOWED to the extent a stay is requested as to all other claims in the amended complaint and that these claims be referred to arbitration pursuant to the arbitration clause in the employment agreement.

**So ordered.**

                                            /s/ Denise J. Casper
                                            United States District Judge

---

appeal from the order "[b]ecause the record has not yet been fully developed at this juncture of the litigation, as it relates to the Wage Act claim, and because the defendant has not made a persuasive showing in this case for overriding the strong judicial policy against disfavored piecemeal interlocutory appeals").